## STATE, Plaintiff, v. HOAGLIN, Defendant.

Municipal Court, Van Wert County.

No. 1176. Decided January 21, 1959.

Charles E. Baldwin, City Solicitor, Van Wert, for plaintiff.
Kenneth Koch, of Counsel, Koch & Koch, Van Wert, for defendant.

### OPINION

By HARRINGTON, J.

This action was filed by the Van Wert County Game Protector, representing the Ohio Division of Wildlife, and charged the defendant with unlawfully taking and possessing a game quadruped, to-wit: a fox squirrel, during the "closed season" for squirrels, and contrary to Wildlife Council Order No. 173-58, Section (b), Paragraph (1), and contrary to, and in violation of §1531.02 R. C.

The facts, brought out at the trial, are not materially in dispute. The County Game Protector, while making a regular patrol through the County, observed the defendant's car in a wooded area, and through his binoculars observed the defendant shooting with a rifle; that upon arriving at the car he noticed the defendant cutting down an elm tree. Upon questioning the defendant, the defendant admitted shooting two fox squirrels, but stated he did not kill the squirrels for his own use; thereupon, the defendant pointed the two squirrels out to the Game Protector, which squirrels the defendant had deposited in a nearby tree stump.

Defendant stated that when an elm tree had fallen, he noticed a squirrel was lying on the ground in a dazed condition, and that after observing the squirrel for a few minutes, the squirrel crawled over to a tree, climbed up the tree about three feet, and then fell back. It was then that he shot it.

As to the second squirrel, the defendant stated that after shooting the first squirrel, he went back to cutting up the section of tree for firewood and noticed that blood and hair started coming onto the blade of the saw and part of a squirrel's tail came into view; that as the squirrel started to limp away he shot it. Defendant testified he always kept his rifle with him in an automobile due to the fact that he was an avid coonhunter.

The Court here believes that the defendant did not intend to consume the squirrels and that the defendant did what is commonly known as a mercy killing of the two animals.

Now the statute explicitly states that it is unlawful to take and possess a fox squirrel during the so-called "closed season," of which this was.

Sec. 1531.01 R. C., at Paragraph (G) defines the "taking" to include pursuing, shooting, hunting, killing, etc., any game animal. At Paragraph (H) of the same Section, "possession" is defined as meaning both actual and constructive possession and any control of things referred to.

Here the defendant admits the killing and at least constructive possession of the two animals. The Court, after diligent search, can find no exceptions in the statutes which would permit a so-called mercy killing. If the legislature had meant to exclude mercy killings of game animals out of season, the Court feels that the legislature would have explicitly excluded same from the statutes pertaining to Wildlife. It is a well known and time honored rule that the function of the courts is to determine the facts and apply the law as the courts feel the legislature intended the law to be when enacting it.

Therefore, the Court feels that the defendant violated the statute, and without bringing in the moral aspect of his deed, finds the defendant guilty as charged.

The Court further feels that if the legislature were to exempt the so-called mercy killings from the statute, it may prove most difficult to ever enforce the Wildlife Statutes against some poachers who could thereby claim a so-called mercy killing when apprehended by our Game Protectors.